William L. McLaughlin, Jr. Esq.
**WILLIAM L. McLAUGHLIN LAW OFFICES**
23 South Valley Road, P.O. Box 494
Paoli, PA 19301
Identification No. 48307
(610) 644-4545
_____

**United States District Court
Eastern District of Pennsylvania,**

| | |
|---|---|
| JOSEPH T. LAWLOR : | |
| 516 Westfield Drive : | CIVIL ACTION |
| Exton, PA 19341 : | |
| Plaintiff : | No. |
| : | |
| vs. : | |
| : | COMPLAINT AND |
| PBR Consulting Group, Inc. : | |
| d/b/a Omicron Consulting : | DEMAND FOR A JURY TRIAL |
| 1500 Market Street #2300 West : | |
| Philadelphia, PA 18947 : | |
| Defendant : | |
| _____ : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**JURISDICTION**

Plaintiff, by and through his attorney William L. McLaughlin, Jr., respectfully represents:

1. This is an action for declaratory relief, injunctive relief, and damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 USC 2000-e et seq. (Supp II, 1972)(hereafter "Title VII"), providing for relief against discrimination in employment on the basis of disability, the Pennsylvania Human Relations Act, 43 P.S. Section 951 et seq. (hereinafter PHRA).

2. Jurisdiction of this Court is invoked pursuant to 28 USC 1343 (1970), 42 USC 2000-e et seq., as amended (Supp II, 1972) and the supplemental jurisdiction of the Court over related claims under state law.

3. The unlawful employment practices alleged below were and are being committed within the Eastern District of the Federal District Court in the Commonwealth of Pennsylvania.

## PARTIES

4. Plaintiff is a 56 year old adult male citizen of the United States and is a resident of the County of Chester, Commonwealth of Pennsylvania, currently suffering from a non-job related disability (paraplegic).

5. Defendant is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, and maintained an office and a place of business in Philadelphia County, Commonwealth of Pennsylvania. Defendant has continuously and does now employ more than 15 persons.

6. Since at least February, 1994, the company has continuously been, and is now an employer in an industry affecting commerce within the meaning of Section 701(b)(g) and (h) of Title VII, 42 USC 2000-e(b)(g) and (h).

## ADMINISTRATIVE PROCEDURES

7. Within 180 days of the plaintiff's discovery of the occurrence of the acts of which he complains, charges of employment discrimination were filed with the Pennsylvania Human Relations Commission (PHRC)(Docket No. E-83576AH), and the PHRC

cross filed with the Equal Employment Opportunity Commission (EEOC), on or about May 13, 1997.  More than a year has passed since the charges were filed with the PHRC, and less than two years have passed since the PHRC noticed an intention to dismiss the complaint.

    8.  On April 18, 2002, plaintiff received a "notice of right to sue" from the Eastern District Office of the EEOC.

**OPERATIVE FACTS**

    9.  From February 17, 1994 through April 22, 1994, the plaintiff, applied for the position of Projects Manager through a series of interviews following submission of written resumes and letters of application.

    10.  The plaintiff was interviewed by Amy DeVol, Director of Human Resources, Keven Lucas, Human Resources Representative and several other managers with operational responsibilities for the defendant, on multiple dates.

    11.  At no time did any of the interviewers indicate that plaintiff did not have necessary qualifications and was, in fact, eminently qualified for the position offered.

    12.  The plaintiff was not hired, with no indication that it was because plaintiff was not qualified for the job.

    13.  On or after April 18, 1997, Kevin Lucas informed plaintiff that he (Lucas) had been instructed by the president of

the company not to hire the plaintiff because of his non-job related disability, specifically the need to use crutches due to paraplegia.

14.  The plaintiff's medical condition is apparent because he requires crutches at all times.

15.  The plaintiff believes, and therefore avers, that the position for which he applied was given to a person with no handicap or disability.

## STATEMENT OF CLAIMS
### COUNT I. FEDERAL CLAIM - TITLE VII AND AMERICANS WITH DISABILITIES ACT

16.  Paragraphs 1. through 15. are incorporated herein by reference.

17.  Defendant refused to hire the plaintiff for a position of Project Manager due to the plaintiff's physical disability.

18. The effect of the defendant's policies and practices as described above has been to deprive plaintiff of equal employment opportunities.

19. As a further result of defendant's above-stated actions, plaintiff has been and is now being deprived of income in the form of wages and of prospective retirement benefits, and other fringe benefits due him solely because of his disability, in an amount to be proved at trial.

20. Plaintiff is now suffering and will continue to suffer irreparable financial and emotional harm and injury from the

defendant's policies, practices, customs and usages as set forth herein.

21. As a proximate result of defendant's discriminatory and wrongful acts as set forth, plaintiff has suffered emotional distress, humiliation, embarrassment, and mental anguish.

22. Defendant at all times has been acting with malice towards plaintiff and with conscious disregard of plaintiff's rights.

**WHEREFORE,** plaintiff requests declaratory, equitable and injunctive relief be ordered by this Honorable Court for:

(a)   declaration of the illegal conduct of the defendant;

(b)   front pay in the full value of lost wages and benefits, with interest;

(c)   any other lost compensation;

(d)   compensatory and punitive damages in an amount greater than $100,000.00;

(e)   reasonable attorney fees and costs; and

(g)   such other relief as the Court finds appropriate.

**COUNT II. - STATE LAW CLAIM**
**PENNSYLVANIA HUMAN RELATIONS ACT - DISABILITY DISCRIMINATION**

23.   The averments of paragraphs 1. through 22. are hereby incorporated by reference as if more fully set forth herein.

**WHEREFORE,** plaintiff requests declaratory, equitable and injunctive relief be ordered by this Honorable Court for:

(a)   declaration of the illegal conduct of the defendant;

    (b)    front pay in the full value of lost wages and benefits, with interest;

    (c)    any other lost compensation;

    (d)    compensatory and any other damages as may be allowed at law in an amount greater than $100,000.00;

    (e)    reasonable attorney fees and costs; and

    (g)    such other relief as the Court finds appropriate.

**JURY TRIAL DEMANDED**

A jury trial is demanded where allowed by law.


_____
Attorney for Plaintiff

Date: _____