**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JOSEPH T. LAWLOR, | | : | |
| | Plaintiff, | : | CIVIL ACTION |
| | | : | NO. 02-2750 |
| v. | | : | |
| | | : | |
| PBR CONSULTING GROUP, INC., | | : | |
| | Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

I.    BACKGROUND OF PROCEEDINGS

Plaintiff, Joseph T. Lawlor ("Lawlor"), has filed suit under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §  2000(e) et. seq. ("Title VII"), the Americans with Disabilities Act, 42

U.S.C. § 12111 et. seq. ("ADA") and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951

et. seq. ("PHRA") seeking relief for Defendant's alleged discriminatory failure to hire him based

on his disability.  The Complaint alleges that from February 17, 1994 through April 22, 1994, he

applied for a position with the Defendant.  (Complaint ¶ 9)  He further alleges that he was not

hired.  (Complaint ¶ 12)  Lawlor claims that three years later, on April 18, 1997 he was informed

that one of his interviewers told him that he had been instructed by the President of the Company

not to hire him because of his disability. (Complaint ¶ 13)  A charge of employment

discrimination was filed with the Pennsylvania Human Relations Commission and the Equal

Employment Opportunity Commission on or about May 13, 1997.  (Complaint ¶ 7)

II.    TITLE VII OFFERS NO RELIEF FOR DISABILITY DISCRIMINATION

In Count I of the Complaint, Lawlor attempts to assert a claim for disability

discrimination under Title VII.  Since disability discrimination is not actionable under Title VII,

this claim must be dismissed.  Diep v. Southwark Metal Manufacturing Comp., 2001 WL

283146*2 (E.D. Pa. 2001).

III.    DISMISSAL IS REQUIRED DUE TO UNTIMELY ADMINISTRATIVE FILINGS

Because it appears from the face of the Complaint that the administrative filings occurred

three years after the alleged discriminatory failure to hire, Defendant files this Motion to Dismiss

pursuant to Rule 12 (b)(6), Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385

(3d Cir. 1994); Compton v. National League Professional Baseball Clubs, 995 F.Supp. 554

(E.D.Pa. 1998); aff'd  172 F.3d 40 (3d Cir. 1998); Robinson v. Dalton, 107 F.3d 1018 (3d Cir.

1997) (Motion to dismiss for failure to exhaust is properly under Rule 12(b)(6)).

In order to sustain a Title VII or ADA claim, Plaintiff must first a charge with the EEOC

within 300 days of the alleged improper employment practice if proceedings were initially

instituted with a state or local agency.  See 42 U.S.C. §§ 2000e-5(e) (1), 12117(a).  The

importance of filing a timely charge was reemphasized recently by the Supreme Court of the

United States in National Railroad Passenger Corporation v. Morgan, 2002 WL 1270268 at *7

(U.S. 2002).  The court stated:

> First, discrete discriminatory acts are not actionable if time barred,
> even when they are related to acts alleged in timely filed charges.
> Each discriminatory act starts a new clock for filing charges
> alleging that act.  The charge, therefore, must be filed with the
> 180- or 300-day time period after the discrete discriminatory act
> occurred.

In Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997), the Court of Appeals

summarized the procedural requirements to a viable suit under the PHRA:

> To bring suit under the PHRA, a plaintiff must first have filed an
> administrative complaint with the PHRC within 180 days of the
> alleged act of discrimination.  43 Pa.S. §§ 959(a), 962.  If a
> plaintiff fails to file a timely complaint with the PHRC, then he or
> she is precluded from judicial remedies under the PHRA.  The

2

> Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act "(citations omitted).

Oshiver instructs that there are two potential reasons to extend the time period within which Lawlor had to file his charges of discrimination:  the discovery rule and the equitable tolling doctrine.  In this case, neither can be used to excuse a charge that has been filed over three years after the discriminatory action.

Presumably, Lawlor will argue that he filed his discrimination complaint within 300 days of discovering that he was not hired due to his disability.  However, since his claim accrued in 1994 when he was not hired, he is not entitled to extend that period under the discovery rule.  In determining when Lawlor's claim for discrimination accrued, Oshiver is controlling.  In Oshiver, a female attorney was employed at a law firm on an hourly basis.  On April 10, 1990, she was dismissed because, according to the Firm, there was insufficient work to support her position.  She was told that she would be contacted if either an hourly or an associate position became available.  On May 21, 1991, she learned that the Firm had hired a male attorney to fill her vacant position shortly after she was terminated.  In January 1992, she learned that the Firm had hired a male attorney as an associate.  In December of 1992, she sued the law firm for discrimination based on a wrongful failure to hire and wrongful termination in violation of Title VII and the PHRA.  The District Court granted the defendant's motion to dismiss because the statute of limitations on both her claims had expired.

On appeal, the Court of Appeals noted that the accrual of a federal claim is governed by the "discovery rule."  A claim accrues upon "awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."  Id., at 1386.  The Court of Appeals held that Oshiver's

3

claim for wrongful discharge accrued when the law firm informed her of the termination on

April 10, 1990.  Id., at 1391.  The Court of Appeals emphasized that "[whether] Oshiver was

deceived regarding the underlying motive behind her discharge is irrelevant for purposes of the

discovery rule."  Id.  See also Narin v. Lower Merion School District, 24 F.Supp. 2d 465

(E.D.Pa. 1998) aff'd 206 F.3d 323 3d Cir. 2000).   (Plaintiff's cause of action accrued when she

became aware she was not hired for the position), Dixon v. Dalton, 985 F.Supp. 584 (E.D.Pa.

1997 aff'd 168 F.3d 478 (3d Cir. 1998).

   Here, Lawlor knew he had not been hired for the position well before the 300 day

limitation period.   Even assuming that he had been deceived regarding the underlying motive

behind the failure to discharge, the case law is clear that he may not extend the time period to file

with the administrative agencies for this reason and avail himself of the discovery rule.

   Because the time limits set forth in the ADA and Title VII are not jurisdictional, the time

period for filling a charge is subject to equitable doctrines, such as tolling or estoppel.  Zipes v.

TransWorld Airlines, Inc., 455 U.S. 385, 393 (1982).  Recently, the Supreme Court indicated

that "courts may evaluate whether it would be proper to apply such doctrines, although they are

to be applied sparingly, National Railroad Passenger Corporation, supra. at *7.  See also

Seitzinger v. The Reading Hospital and Medical Center, 165 F.3d 236, 239 (3d Cir. 1999).

   As noted by the court in Oshiver (38 F.3d at 1387):

> We have instructed that there are three principal, though not
> exclusive, situations in which equitable tolling may be appropriate:
> (1) where the defendant has actively misled the plaintiff regarding
> the plaintiff's cause of action; (2) where the plaintiff in some
> extraordinary way has been prevented from asserting his or her
> rights; or (3) where the plaintiff has timely asserted his or her
> rights mistakenly in the wrong forum.

The burden is on plaintiff to demonstrate facts that support tolling limitations, <u>Byers v. Follmer Trucking Co.</u>, 763 F.2d 599, 600-601 (3d Cir. 1985). None of these reasons for equitable tolling can be applied to stop the limitations period from running against Lawlor. The only arguable "excuse" would be the first prong. However, there are no allegations in the Complaint which would support equitable tolling. The Complaint simply claims that although he was not hired in 1994, he did not know the alleged reason for the action until 1997. He alleges no facts which would indicate any action on the part of the Defendant to actively mislead him in this regard and no allegations of deceptive acts or threats by Defendant which would deter him from complying with the filing requirements. <u>Fala v. The Perrier Group of America</u>, 2000 WL 688175 (E.D. Pa. 2000); <u>Koschoff v. Henderson</u>, 1999 W.L. 907546*8 (E.D. Pa. 1999); <u>Dixon v. Dalton</u>, 985 F.Supp. 584 (E.D. Pa. 1997) (Supervisor's statement not made after claim accrued as a way to deceive plaintiff about the circumstances and lull her into inaction). <u>See</u> <u>also</u> <u>Oshiver</u>, <u>supra</u>. (Law firm lied about reason for termination).

Here Plaintiff alleges no act of deceptive acts, no threats or inaccurate information supplied by Defendant which had the effect of lulling him into inaction or deterred him from filing his administrative claims. Since he has failed to meet his burden of demonstrating facts which would toll the limitations period, Plaintiff's claims must be dismissed.

PH1 396795v1 06/18/02

IV.    CONCLUSION

For the above stated reasons, it is respectfully urged that the Complaint be dismissed with prejudice.

FOX, ROTHSCHILD, O'BRIEN & FRANKEL LLP


By:    _____
       Howard R. Flaxman, Esquire
       2000 Market Street, 10th Floor
       Philadelphia, PA  19103-3291
       (215) 299-2068

       Attorneys for Defendant, PBR Consulting Group, Inc.


Dated:  June 18, 2002

PH1 396795v1 06/18/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JOSEPH T. LAWLOR, | | : | |
| | Plaintiff, | : | CIVIL ACTION |
| | | : | NO. 02-2750 |
| v. | | : | |
| | | : | |
| PBR CONSULTING GROUP, INC., | | : | |
| | Defendant. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

and Plaintiff's Response thereto, it is hereby ORDERED and DECREED that Plaintiff's

Complaint be dismissed with prejudice.


BY THE COURT:


_____

MARVIN KATZ, J.


PH1 396795v1 06/18/02

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOSEPH T. LAWLOR,                                              :
                         Plaintiff,       :      CIVIL ACTION
                                            :      NO. 02-2750
        v.                             :
                                            :
PBR CONSULTING GROUP, INC.,                          :
                       Defendant.      :

## <u>MOTION TO DISMISS</u>

Defendant, PBR Consulting Group, Inc., by its attorneys, Fox, Rothschild, O'Brien &

Frankel LLP, hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, to dismiss Plaintiff's Complaint for the reasons stated in the attached Memorandum

of Law.

                        Respectfully submitted

                        FOX, ROTHSCHILD, O'BRIEN & FRANKEL LLP

        By:    _____
                        Howard R. Flaxman, Esquire
                        2000 Market Street, 10th Floor
                        Philadelphia, PA  19103-3291
                        (215) 299-2068

                        Attorneys for Defendant, PBR Consulting Group, Inc.

Dated:  June 18, 2002

## <u>CERTIFICATE OF SERVICE</u>

I, Howard R. Flaxman, Esquire, hereby certify that a true and correct copy of Defendant's

Motion to Dismiss and Memorandum of Law in support thereof, in the foregoing action, was

served on Plaintiff's counsel via First Class Mail, postage pre-paid on the 18th day of June, 2002

addressed as follows:

William L. McLaughlin, Jr., Esq.
Post Office Box 494
23 South Valley Road
Paoli, PA  19301-0494


_____
Howard R. Flaxman