William L. McLaughlin, Jr., Esq.
Attorney I.D. No. 48307
**William L. McLaughlin Law Offices**
23 South Valley Road
P.O. Box 494
Paoli, PA 19301
610 644 4545

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. LAWLOR | : | CIVIL ACTION AT LAW |
| Plaintiff, | : | |
| | : | No. 02-2750 |
| v. | : | |
| | : | |
| PBR CONSULTING GROUP, INC. | : | |
| Defendant. | : | |
| | : | |

### MEMORANDUM OF LAW IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS

I.   BACKGROUND OF PROCEEDINGS

The Defendant, PBR Consulting, Inc. d/b/a Omicron Consulting, has correctly stated the facts present in this case in its Memorandum of Law in Support of Motion to Dismiss[1].

---

[1] The Defendant has argued that equitable tolling does not provide relief for the failure to file an administrative complaint within three hundred days of the day Mr. Lawlor learned that he was not hired. The facts necessary to establish the requirements of equitable tolling must be developed in discovery. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994)

1

II.  <u>TITLE VII OFFERS RELIEF FOR DISABILITY DISCRIMINATION</u>

The Defendant has raised the claim that disability discrimination is not actionable under Title VII. The Plaintiff contends that due to the Americans with Disabilities Act, 42 U.S.C. §12111 <u>et. seq</u>.("ADA") specifically incorporating the remedies and procedures of Title VII of the Civil Rights Act of 1964[2], that any filing under the ADA automatically invokes Title VII. The ADA further, by act of Congress, incorporates any amendments to Title VII, including punitive damages and jury trials[3]. Thus, the ADA and Title VII are synonymous, and the pleadings make it clear that relief is being sought pursuant to the ADA (Complaint COUNT I). Therefore, it is respectfully requested that this part of the motion be denied.

III.  <u>EQUITABLE TOLLING HAS BEEN RAISED IN THE COMPLAINT MAKING DISMISSAL BASED ON FAILURE TO FILE AN ADMINISTRATIVE COMPLAINT WITHIN THE STATUTORY PERIOD IMPROPER.</u>

The Defendant has raised the 300 day filing period of

---

[2] 42 U.S.C. §12117 (incorporating §§ 705, 706, 707, 709 and 710 of the Civil Rights Act of 1964, 42 U.S.C. §2000e-4,5,6,8 and 9[1982])

[3] H.R. Conf. Rep. No. 596, 101st Cong., 2d Sess.

administrative actions as a reason why the Plaintiff's complaint should be dismissed under Rule 12(b)(6) citing <u>Oshiver</u> as their primary source.  For two reasons, Defendant's request for a dismissal based on the failure to file a timely administrative complaint at this stage of the litigation is patently defective.  In the first instance, the notice of claim need not plead every fact necessary to maintain a claim, only put the Defendant on notice of the claim.  In the second instance, it is clear that the Plaintiff is prepared to successfully invoke the doctrine of equitable tolling from the face of the complaint.  For both of these reasons, the Plaintiff must be permitted to proceed.  If discovery discloses that equitable tolling does not apply, that can, and should be raised later in the litigation.

This present case is similar in its fact pattern to <u>Kidwell v. District of Columbia</u>, 670 A.2d 349 (D.C. Cir. 1996), in which an employee, Kidwell, failed to receive a promotion where as a lesser qualified woman was promoted and second open position left available.  The availability for a full time position came in October of 1988, and Kidwell began his Title VII litigation in March of 1991.  After filing suit on First Amendment grounds before 1991, during discovery, Kidwell learned of a sex based motive to hire the less

qualified candidate. Upon learning of this motive, he timely filed a Title VII administrative complaint. The Defendant moved to dismiss the discrimination action because the injury occurred more than 300 days before the filing. Addressing this issue, the Court stated:

> Kidwell's complaint with the EEOC had to be filed within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. §2000e-5(e). But, as the Supreme Court has held, the limitations period is not jurisdictional and "is subject to waiver, estopple, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Equitable tolling, in this context, means that "under Title VII, **if an employee did not know or have reason to know that an employment decision was discriminatory in nature**, the time limits for filing an administrative complaint may be tolled." Stoller v. Marsh, 682 F.2d 971, 974 (D.C. Cir. 1982). (Emphasis added)

Kidwell demonstrates the application of the doctrine of equitable tolling that has been widely adopted in the Federal Courts. In Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 931 (5th Cir. 1975), the leading case on equitable tolling, which has been specifically adopted by the Third Circuit[4], the Court held:

> We hold that the ninety day period did not begin to run in the present case until the facts that would support a charge of discrimination under Title VII **were apparent or should have been apparent to a person with a reasonably prudent regard for his rights**

---

[4] The Reeb standard was adopted by the Third Circuit in Oshiver, 38 F.3d 1380, 1389.

>similarly situated to the plaintiff. The district court found only that Mrs. Reeb did not learn of the alleged discrimination until the spring of 1970. It did not make any findings with respect to the allegations that EOA misled the plaintiff or attempted to conceal the alleged discrimination from her, nor did it make findings with respect to when a person similarly situated with a prudent regard for his rights would have discovered the discrimination in the absence of misleading statements or concealment on the part of the defendant.(Emphasis Added)

Thus, it is plain from the pleadings, that Mr. Lawlor did not know of the discriminatory motive behind his failure to get a job until he was told by Mr. Lucas what was said by the company president upon meeting Mr. Lawlor. (In essence, "Don't hire the cripple.")

Therefore, it should be obvious to the Defendant that this case is invoking equitable tolling under the <u>Reeb</u> standard. Under the Doctrine of equitable tolling, Mr. Lawlor's statute did not begin to run until such a time as he had learned from Mr. Lucas the discriminatory reasons for his not having been hired. Without the doctrine, employers could escape liability by simply hiding their true motives, or misleading the employee through acts or omissions designed to hide their true motives.[5] To avoid this result, the doctrine

---

[5] The Court in <u>Reeb</u>, stated:
"Secret preferences in hiring and even more subtle means of illegal discrimination, because of their very nature, are unlikely to be readily apparent to the individual discriminated against. Indeed, employers that discriminate

prevents the employer's own acts from thwarting the remedial purposes of the discrimination statutes.[6]

From the Third Circuit's adoption of the Reeb standard, it is also clear that in Oshiver, the Court states that "acts and omissions" of the employer may trigger tolling, this would include a case where an undisclosed motive is not revealed to the plaintiff until a much later date. Taking all inferences in favor of the non-moving party, Lawlor had no reasonable basis to believe that some unlawful motive or animus was the basis for his failing to land the job.

Even without moving from the pleadings to the factual background that forms the basis of the tolling doctrine, a motion to dismiss is clearly improper. Oshiver teaches that

---

undoubtedly often attempt to cloak their policies with a semblance of rationality, and may seek to convey to the victim of their policies an air of neutrality or even sympathy. These tendencies may even extend to the giving of misleading or false information to the victim, as is alleged in the present case."

[6]The Court in Oshiver 38 F.3d at 1387 stated: "In Meyer v. Riegel Products Corporation, 720 F.2d 303 (3d Cir. 1983), a case involving the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., we observed that although the time limitations prescribed by Congress must be "treated seriously," cases may arise **"'where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his [or her] rights.'"** Meyer, 720 F.2d at 307 (quoting Bonham v. Dresser Industries, Inc., 569 F.2d 187, 193 (3d Cir. 1977), Cert. Denied 439 U.S. 821)." (Emphasis added)

the facts of the case must be developed in discovery, and not in the original pleading.[7]  The pleadings merely have to "activate" the doctrine.  This is supported by both the Fed. R. Civ. Pro. 8(e)(1)[8], and by the Supreme Court of the United States in  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992,995(2002).  The Supreme Court ruled in <u>Swierkiewicz</u> that a "notice pleading" was sufficient to put the Defendant on notice and that the facts to establish the *prima facia* case are to be shown in discovery.[9]  By analogy, because all of the

---

[7]The Court made it clear that any challenge to equitable tolling would have to follow discovery, <u>Oshiver</u>, 38 F.3d at 1392:

"Thus, Oshiver's allegations essentially charge that (1) the firm actively misled her regarding the reason for her discharge, and (2) the critical fact that would have alerted a reasonable person to the alleged unlawful discrimination only became known to Oshiver on May 21, 1991. **We find that these allegations, taken as true and giving Oshiver the benefit of all reasonable inferences, are sufficient to activate the doctrine of equitable tolling.** See <u>Reeb</u>, 516 F.2d at 930."(Emphasis added)

[8]Rule 8(e)(1) "Each averment of a pleading shall be simple, concise, and direct."

[9]The Supreme Court in <u>Swierkiewicz</u> stated:
"This case presents the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). We hold that an employment discrimination complaint need not include such facts and instead must contain only "a short and plain statement **of the claim** showing that the pleader is entitled to relief." Fed. Rule Civ. Proc.

requirements for equitable tolling have been set forth by the Plaintiff in his complaint, the Defendant is on notice that the doctrine is an issue in the case and it is unnecessary for the Plaintiff to elaborate on the facts surrounding the delay in filing an administrative complaint.

The Defendant, it should be pointed out, tries to confuse the issue of the so called "discovery rule" with the equitable tolling doctrine. <u>Oshiver</u> makes that distinction clear. From that doctrine, discussed in <u>Oshiver</u>, the Defendant claims that the failure to file within the required time is fatal because the "harm" of not being hired triggers the accrual date of the limitation period. The discovery of the "legal" reason for the harm does not toll the accrual date. <u>Oshiver</u> at 1385. While counsel for the Plaintiff does not agree with this analysis since discriminatory motive is clearly a "fact" that has to be discovered, this has nothing to do with the doctrine of equitable tolling.

There is no question that equitable tolling may allow the case to go forward regardless of the date of filing of the EEOC charge. As for the issue of the PHRA, the Defendant claims that no suit can be brought as the 180 day limitation period had elapsed and equitable tolling does not apply. This

---

8(a)(2)."(Emphasis added)

is an incorrect interpretation of <u>Woodson v. Scott Paper, Co.</u> 109 F.3d 913, 925, upon which the Defendant relies. <u>Woodson</u> at 928 points out, in footnote 16, that the Pennsylvania Legislature has since provided equitable tolling to the PHRA (43 Pa. C.S. §962(e), adopted in 1991). With that decision, the same reasoning as applied above to both the ADA and Title VII also applies to the PHRA. The Plaintiff filed a complaint with the PHRA within 30 days of learning the reason for the Defendant not hiring him.

Because all of the requirements for pleading equitable tolling have been met by the Plaintiff in this case, the Defendant's Motion to Dismiss must be denied.

IV.  <u>CONCLUSION</u>

For the above stated reasons, it is respectfully requested that the Defendant's Motion to Dismiss be denied.

_____
William L. McLaughlin, Jr., Esq.
23 South Valley Road
P.O. Box 494
Paoli, PA 19301

Date: _____