UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. LAWLOR, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-2750 |
| v. | : | |
| | : | |
| PBR CONSULTING GROUP, INC. | : | |
| Defendant. | : | |

## ANSWER

Defendant PBR Consulting Group, Inc., by its undersigned counsel, Fox, Rothschild, O'Brien & Frankel, LLP, answers the Complaint of Plaintiff, Joseph T. Lawlor as follows:

1. Defendant denies the averments set forth in paragraph one of the Complaint as conclusions of law to which no response is required.

2. Defendant denies the averments set forth in paragraph two of the Complaint as conclusions of law to which no response is required.

3. Defendant denies the averments set forth in paragraph three of the Complaint.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph four of the Complaint.

5. Defendant admits the averments set forth in paragraph five of the Complaint.

6. Defendant denies the averments set forth in paragraph six of the Complaint as conclusions of law to which no response is required.

PH1 404021v1 07/16/02

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments concerning a complaint being filed within 180 days of his discovery of the acts of which he complains. The remaining averments of paragraph seven of the Complaint are admitted.

8. Defendant admits the averments set forth in paragraph eight of the Complaint.

9. Defendant admits the averments of paragraph nine to the extent that on or about February 1994, Plaintiff applied for a position of Project Manager. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph nine.

10. Defendant admits the averments of paragraph ten to the extent that Plaintiff was interviewed by DeVol, Lucas and other managers. The remaining averments of paragraph ten of the Complaint are denied.

11. Defendant denies the averments set forth in paragraph eleven of the Complaint.

12. Defendant denies the averments set forth in paragraph twelve of the Complaint

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments relating to discussions between Lucas and Plaintiff. The remaining averments of paragraph thirteen of the Complaint are denied.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph fourteen of the Complaint.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph fifteen of the Complaint.

16. Defendant incorporates by reference its answers to paragraphs one through fifteen of the Complaint as if fully set forth herein.

17. Defendant denies the averments set forth in paragraph seventeen of the Complaint.

18. Defendant denies the averments set forth in paragraph eighteen of the Complaint.

19. Defendant denies the averments set forth in paragraph nineteen of the Complaint.

20. Defendant denies the averments set forth in paragraph twenty of the Complaint.

21. Defendant denies the averments set forth in paragraph twenty-one of the Complaint.

22. Defendant denies the averments set forth in paragraph twenty-two of the Complaint.

23. Defendant incorporates by reference its answers to paragraphs one through twenty-two of the Complaint as if fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff in any way.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to exhaust administrative remedies including, but not limited to, filing a charge with the appropriate agency within the requisite time period.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for a compensatory of any other damages permitted by law.

## EIGHTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over any claim that may be stated in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

At all material times, Defendant acted in a manner which was proper, reasonable, lawful and in the exercise of good faith toward Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Defendant did not violate any duty to or right of the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times, any actions taken by Defendant with respect to Plaintiff were taken for legitimate reasons unrelated to any alleged handicap or disability.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendant, PBR Consulting Group, Inc., respectfully request that Plaintiff's Complaint be dismissed in its entirety, that judgment be entered in favor of Defendant and against Plaintiff and that Defendant be awarded its costs and expenses, including attorney's fees and such future relief as the Court deems just and proper.

          Respectfully submitted,

          Fox, Rothschild, O'Brien & Frankel, LLP

          By: _____
                Howard R. Flaxman
                Fox, Rothschild, O'Brien & Frankel, LLP
                2000 Market Street, Tenth Floor
                Philadelphia, PA  19103
                (215) 299-2068

          Attorneys for Defendant, PBR Consulting Group, Inc.

Dated: July 17, 2002

## CERTIFICATE OF SERVICE

I, Howard R. Flaxman, hereby certify that on this date a true and correct copy of Defendant's Answer has been served via First Class Mail, postage prepaid to Plaintiff's counsel as follows:

> William L. McLaughlin, Jr., Esq.
> Post Office Box 494
> 23 South Valley Road
> Paoli, PA 19301-0494

_____
Howard R. Flaxman

Dated: July 17, 2002

PH1 404021v1 07/16/02